

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2023
JULY 23, 2024 SESSION

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. 2,24-cr-00119

                                26 U.S.C. § 7202

LUTHER A. HANSON


I N D I C T M E N T

The Grand Jury Charges:

INTRODUCTION

At all times material to this Indictment:

**Parties and Entities**

1.    Defendant LUTHER A. HANSON resided in Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia.

2.    Defendant LUTHER A. HANSON owned, managed, controlled, and operated two financial services businesses, that is, The Estate Planning Group, Inc. ("Estate Planning") and L.A. Hanson Financial Services ("Hanson Financial"). Both businesses were located in Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia. The businesses have operated continuously from at least 1995.

3.    Known Person One and Known Person Two were individuals employed by defendant LUTHER A. HANSON to provide accounting and account services for Hanson Financial and Estate Planning.

4.    The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the federal tax laws of the United States.

### Background on Federal Employment Taxes

5.    Pursuant to the Internal Revenue Code and associated statutes and regulations, employers are required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. These taxes will be referred to in this Indictment collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers, with exceptions not applicable here, are required to remit these withheld trust fund amounts to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

6.    In addition to the trust fund taxes that must be withheld from employees' pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of

the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer (Social Security and Medicare taxes).

7.    Employers are typically required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits. In some instances, the IRS will direct employers with an expected annual employment tax liability of $1,000 or less to file a Form 944 (Employer's Annual Federal Tax Return), which is filed on an annual basis, in lieu of filing quarterly Forms 941 for the year. Forms 941 will be referred to in this Indictment collectively as "employment tax returns."

8.    A person is responsible for collecting, accounting for, and paying over the employment taxes and employment tax returns if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control.

### Defendant LUTHER A. HANSON'S Non-Compliance with His Employment Tax Responsibilities

9.    From at least 1995 through at least September of 2020, defendant LUTHER A. HANSON was the owner of Estate Planning and Hanson Financial and managed the affairs of the businesses. As such, he exercised control over the businesses' financial affairs and was responsible for collecting trust fund taxes from employees, accounting for employment taxes, and paying over employment and trust fund taxes to the IRS.

10.   Specifically, at some time prior to June 30, 2015, defendant LUTHER A. HANSON informed Known Person One and Known Person Two that he would pay their wages by check without withholding trust fund taxes as if they were independent contractors.  Previously, he had been paying both of them their wages with trust fund taxes withheld. Defendant LUTHER A. HANSON knew the purpose of this arrangement was to avoid paying employment taxes to the IRS that were due and owing for every employee of Estate Planning and Hanson Financial, including Known Person One and Known Person Two.

11.   After entering into this arrangement, defendant LUTHER A. HANSON willfully and intentionally paid gross wages by check to Known Person One and Known Person Two even though neither one changed their job duties or responsibilities at Hanson Financial and Estate Planning. Defendant LUTHER A. HANSON knew that neither

Known Person One nor Known Person Two was, in fact, an independent contractor. Nevertheless, defendant LUTHER A. HANSON paid Known Person One and Known Person Two's wages by check throughout their continued employment. Defendant LUTHER A. HANSON failed to pay the trust fund taxes to the IRS that were owed and failed to pay the employer's share of employment taxes during the quarters he paid Known Person One and Known Person Two's wages by check as if they were independent contractors, which, as defendant LUTHER A. HANSON well knew, they were not. Defendant LUTHER A. Hanson also failed to timely file Form 941 as required.

12. In total, from at least 2015 to September of 2020, defendant LUTHER A. HANSON failed to pay over to the IRS employment taxes in the amount of approximately $149,905.37.

13. On or about the dates listed below, in the Southern District of West Virginia and elsewhere, for each of the calendar quarters listed below, defendant LUTHER A. HANSON did willfully fail to pay over, and cause the willful failure to pay over, all of the employment taxes due and owing to the IRS of Estate Planning and Hanson Financial in each calendar quarter, that is:

| COUNT | FORM REQUIRED | PERIODS | EMPLOYMENT TAX QUARTER ENDING DATE |
|-------|--------------|---------|-----------------------------------|
| 1 | 941 | 201809 | September 30, 2018 |
| 2 | 941 | 201812 | December 31, 2018 |
| 3 | 941 | 201903 | March 30, 2019 |
| 4 | 941 | 201906 | June 30, 2019 |
| 5 | 941 | 201909 | September 30, 2019 |
| 6 | 941 | 201912 | December 31, 2019 |
| 7 | 941 | 202003 | March 30, 2020 |

| 8 | 941 | 202006 | June 30, 2020 |
| 9 | 941 | 202009 | September 30, 2020 |

All in violation of Title 26, United States Code, Section 7202.

WILLIAM S. THOMPSON
United States Attorney

BY:  

ERIK S. GOES
Assistant United States Attorney