IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                            CRIMINAL NO. 2:24-cr-00119

**LUTHER A. HANSON**

### UNITED STATES SENTENCING MEMORANDUM

The United States of America, by Erik S. Goes, Assistant United States Attorney for the Southern District of West Virginia, offers the following Sentencing Memorandum in anticipation of Defendant's sentencing scheduled for January 30, 2025, at 1:30 p.m. in Charleston, West Virginia, for the single-count felony conviction of 26 U.S.C. § 7202, that is, Willful Failure to Collect or Pay Over Taxes.

### OFFENSE AND RELEVANT CONDUCT

The Revised Presentence Investigation Report ("PSR") sets the offense level at 16. *See* PSR ¶ 55; USSG §2T1.1(a); §2T4.1(I). This level reflects a loss greater than $100,000 but not more than $250,000, that is, $149,905.38.[1] *Id.* Defendant's adjusted offense level subtotal is 16. *See* PSR ¶ 60.

---

[1] This loss sum was reduced for restitution because another participant in the scheme has paid a portion of this tax obligation, discussed *infra*. *See* PSR ¶ 129.

Defendant has accepted responsibility for his criminal conduct, so the offense level is decreased by two levels. *See* USSG §3E1.1(a); PSR ¶ 62. Defendant is also eligible for the third point of acceptance, as he assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty. *See* USSG §3E1.1(b); PSR ¶ 63. Defendant meets the criteria for a Zero Point Offender, reducing the offense level by an additional two levels. *See* USSG §§4C1.1(a) and (b); PSR ¶ 64. The total adjusted offense level is 11. PSR ¶ 65.

Defendant has no criminal history apart from a speeding ticket. *See* PSR ¶ 66-71. This gives Defendant a criminal history score of 0, placing him in a criminal history category of I. *See* PSR ¶ 68.

With a total offense level of 11, Defendant's guideline range is 8-14 months in Zone B of the Sentencing Table. *See* PSR ¶ 84. The maximum term of imprisonment is five years for Willful Failure to Collect or Pay Over Taxes and is found at 26 U.S.C. § 7202. *See* PSR ¶ 83.

## RESTITUTION AND VICTIMS

Restitution is required for this offense. *See* 18 U.S.C. §§ 3663, 3663A and 3664; PSR ¶ 129-30. The United States agrees that the correct amount of restitution for this criminal matter is $146,771.37. *See* PSR ¶¶ 4, 129.

At the specific request of this Court and after obtaining the appropriate waivers required by law to protect taxpayer privacy, the undersigned has learned that one of the parties to the tax fraud (LB) had paid a portion of the taxes owed by her during the pendency of this scheme. This information was provided to this Court's probation officer. Defendant should be credited with an offset, lowering the amount of restitution owed to the sum of $146,771.37. *See* PSR ¶¶ 4, 129. The undersigned will report any additional sums that were paid by other parties, offsetting Defendant's total.

## **FINES**

A fine is applicable in this case. *See* USSG §5E1.2(a); PSR ¶ 129. The statutory fine range under the relevant statute is from $4,000 to $10,000 for the sole count of conviction. *See* USSG §5E1.2(c)(3); 18 U.S.C. § 7202. The PSR indicates that Defendant has the ability to easily pay a fine, notwithstanding his $146,771.37 tax restitution obligation. *See* PSR ¶¶ 82, 129.

## **18 U.S.C. § 3553(a) FACTORS**

The United States believes a Guideline sentence is appropriate for Defendant's offense and, further, would formally endorse an alternative sentence consistent with Defendant's sentencing zone. The advisory Guideline sentencing range suggests a sentence of 8-14 months of incarceration. *See* PSR ¶ 84. Defendant's guideline range is within Zone B of the Sentencing

Table. *See* PSR ¶ 121. The United States would ask that, if any term of incarceration is to be imposed, that it be imposed as an alternative sentence within Zone B, in light of Defendant's specific circumstances associated with this criminal case.

Defendant entered into a scheme to pay employees wages with the specific intent of avoiding federal taxes. As an accountant and by his own admission to investigators, he knew that he was not supposed to pay straight wages in these circumstances. For many years, he failed to collect and pay over, along with the participants in the scheme, nearly $150,000 in payroll and trust fund taxes. Defendant was the responsible party and could have ended this scheme at any time. This was not a one-time mistake or brief error in judgment. It was a systematic means to avoid trust fund obligations that occurred for at least four years. Defendant's failure to collect and pay these taxes was deliberate and intentional.

The Court's sentence should send a message that collecting and paying over trust fund taxes is not optional, but an obligation, paid according to transparent standards for the benefit of the common good. Simply paying employees straight wages as a means of avoiding trust fund taxes cannot be tolerated, notably at these amounts. There should be measurable consequences for violating the letter and spirit of the revenue laws.

Defendant has accepted responsibility for his actions in this matter. *See* PSR ¶ 62-65. He has lived his entire life as a law-abiding citizen. *See* PSR ¶ 66-71. Moreover, the most significant criminal conduct occurring in his office was not the tax fraud. Instead, the most serious crimes were occurring at the hands of Defendant's two employees, that is, LB and MBT, who were actively stealing from Defendant's clients. *See* PSR ¶ 1-2 (related cases). Though it does not excuse his own criminal conduct, Defendant was only caught as a collateral investigative matter associated with the scope and magnitude of the fraud committed by MBT and LB.[2]

Even so, tax fraud of this amount and for this period of time simply cannot be overlooked. This Court's sentence should send a message to the public that felony tax offenses are treated seriously. Defendant's criminal conduct suggests that a sentence falling within Defendant's respective Guideline range is nevertheless reasonable under the totality of the § 3553(a) factors. If the Court determines that any incarceration is necessary, the United States specifically requests that Defendant be permitted home incarceration (either electronically monitored or otherwise) as an appropriate sentence under Zone B. The United States would request full restitution as well as a Guideline range

---

[2] Both MBT and LB were convicted of felony offenses before this Court associated with that criminal conduct and have been sentenced. *See cases* 2:20-00146 and 147. There were no promises of immunity or deals with either of those Defendants to obtain their cooperation against Defendant beyond what was laid out in their plea agreements.

5

fine, both of which are consistent with Defendant's ability to pay and appropriate on the facts of this case.

                              Respectfully submitted,

                              WILLIAM S. THOMPSON
                              United States Attorney

By:

                              <u>s/Erik S. Goes</u>
                              ERIK S. GOES
                              Assistant United States Attorney
                              WV State Bar No. 6893
                              300 Virginia Street, East
                              Room 4000
                              Charleston, WV 25301
                              Telephone: 304-345-2200
                              Fax: 304-347-5104
                              E-mail: erik.goes@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "UNITED STATES SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of electronic mail this the 23rd day of January, 2025 to:

>   Floyd M. Sayre, III
>   Bowles Rice LLP
>   101 South Queen Street
>   Martinsburg, WV 25401
>   E-mail: ksayre@bowlesrice.com

>   s/Erik S. Goes
>   ERIK S. GOES
>   Assistant United States Attorney
>   WV State Bar No. 6893
>   300 Virginia Street, East
>   Room 4000
>   Charleston, WV 25301
>   Telephone: 304-345-2200
>   Fax: 304-347-5104
>   E-mail: erik.goes@usdoj.gov